**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6638**

MALCOLM MUHAMMAD,

                    Plaintiff – Appellant,

          v.

LESLIE S. GREEN; WILLIAM R. BLAINE; ELIZABETH BALLARD, DNA
Forensic Scientist; ANN M. CONNELL, Deputy Clerk of Court;
NATHAN LEE, Judge; Circuit Court Judge,

                    Defendants – Appellees,

          and

COMMONWEALTH OF VIRGINIA,

                    Defendant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Liam O'Grady, District
Judge. (1:14-cv-00662-LO-MSN)

Submitted:  September 15, 2015      Decided:  February 10, 2016

Before KING, WYNN, and HARRIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Malcolm Muhammad, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Virginia prisoner Malcolm Muhammad appeals the district court's order dismissing this 42 U.S.C. § 1983 (2012) action pursuant to 28 U.S.C. § 1915A(b)(1) (2012) for failure to state a claim upon which relief could be granted. We affirm in part and dismiss in part.

Muhammad contended that his due process rights were violated when a Virginia state court denied his postconviction motion, made pursuant to Va. Code Ann. § 19.2-270.4:1 (2015), for preservation of certain items of evidence. Muhammad hoped to have DNA testing performed on the evidence and that the results of such testing would establish his innocence of first-degree murder. Muhammad's chief contention was that, by allegedly requiring that he prove that the evidence in question constituted human biological evidence, the state court incorrectly interpreted and applied the statute and thereby violated his due process rights.

The district court dismissed the case pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Heck held that where "establishing the basis for the . . . claim necessarily demonstrates the invalidity of the conviction," a § 1983 action will not lie "unless . . . the conviction or sentence has already been invalidated." Id. at 481-82, 487. Subsequent to Heck, the Supreme Court held that "a convicted state prisoner

3

seeking DNA testing of crime-scene evidence [may] assert that claim in a civil rights action under § 1983." <u>Skinner v. Switzer</u>, 562 U.S. 521, 524-25 (2011).  The Court observed that gaining access to DNA testing alone does not necessarily imply the unlawfulness of the conviction or sentence.  <u>Id.</u> at 525. Application of <u>Skinner</u> demonstrates that the dismissal of Muhammad's § 1983 action on the basis of <u>Heck</u> was error.

However, despite this error, we find that this action is subject to dismissal on alternative grounds.  First, there is no substantive due process right to the postconviction preservation and testing of DNA evidence.  <u>District Attorney's Office for the Third Judicial Circuit v. Osborne</u>, 557 U.S. 52, 72 (2009); <u>see also</u> <u>Skinner</u>, 562 U.S. at 525.  Second, with respect to the claimed violation of procedural due process, we note that Muhammad does not claim that § 19.2-270.4:1 is itself invalid. Rather, he contends that the state circuit court erroneously applied the statute in deciding his case.  Lower federal courts lack jurisdiction over this claim under the <u>Rooker-Feldman</u> doctrine.\* <u>Cf.</u> <u>Skinner</u>, 562 U.S. at 531-32; <u>see</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).

---

\* <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

4

We therefore affirm the dismissal of Muhammad's substantive due process claim and dismiss, for want of jurisdiction, his procedural due process claim. We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART